UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAWN MARIE SIMPSON,

        Plaintiff,

vs.                                                 Case No.  3:12-cv-588-J-32MCR

GC SERVICES, L.P, et al.,

        Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Emergency Motion for Protective Order, to Stay Discovery, and Request for Costs (Doc. 27) filed November 19, 2012.

**I.    BACKGROUND**

This debt collection action was removed from Duval County state court to this Court on May 17, 2012.  (Docs. 1, 2).  On May 24, 2012, Defendants GC Services L.P. and Niavell Billings filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 4).  Plaintiff Dawn Marie Simpson filed a Response in Opposition to Defendants' Motion on June 15, 2012.  (Doc. 15).  On September 19, 2012, the undersigned recommended that Defendants' Motion to Dismiss be granted.  (Doc. 24).  The Court's Report and Recommendation is currently under advisement.

According to Defendant, on November 7, 2012, Plaintiff unilaterally noticed a deposition of Defendant Niavell Billings for November 26, 2012. As Defendant's counsel did not agree to present Mr. Billings on that date, Defendant filed the instant Motion requesting the Court enter a protective order excusing Plaintiff from attending the deposition. In addition, Defendant requests an order staying all further discovery pending resolution of Defendants' Motion to Dismiss and seeking recovery of their costs and attorney's fees under 28 U.S.C. § 1927.

## II.   ANALYSIS

With regard to Defendant's request for a protective order excusing Mr. Billings from attending the deposition scheduled for November 26, 2012, the Court finds this request is due to be granted. The Court views with concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. The unilateral setting of depositions (especially coupled with an unwillingness to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of judicial resources.[1] Having said that, the Court directs counsel for the parties to confer in a good faith attempt to work out a mutually agreeable time and date to depose Mr. Billings.

---

[1] "Discovery in this district should be practiced with a spirit of cooperation and civility" and that lawyers who practice in this district "shall reasonably attempt to accommodate the schedules of opposing lawyers, parties, and witnesses in scheduling discovery." Middle District Discovery Handbook (2001) at 1.

With regard to Defendant's requests to stay discovery and for sanctions, the Court finds these requests are due to be denied at this time. Federal courts have the broad discretion to stay proceedings as part of their inherent authority to control their docket. Clinton v. Jones, 520 U.S. 681, 706 (1997). At this time, the undersigned does not find a stay of discovery is necessary. In addition, Plaintiff's counsel has not acted "unreasonably and vexatiously" as required for sanctions pursuant to 28 U.S.C. § 1927.[2]

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Emergency Motion for Protective Order, to Stay Discovery, and Request for Costs (Doc. 27) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of November, 2012.

Copies to:

Counsel of Record
Any Unrepresented Party

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added).

-3-